I must respectfully dissent from the majority's determination that the juvenile court lacked jurisdiction in this case. I believe that the majority has applied Rule 12, Ala.R.Juv.P., in an overly restrictive manner. *Page 1074 
Rule 12 requires that "facts sufficient to establish the jurisdiction of the [juvenile] court" be provided to the intake officer, and that a hearing then be held to determine whether the juvenile court has jurisdiction. In this case, it is obvious that the juvenile court had before it sufficient information to determine that it had jurisdiction. The court issued a juvenile pick up order as provided by § 12-15-2(e), Alabama Code 1975. That order stated:
 "There is probable cause [to believe that] the above named juvenile, along with another juvenile and an adult, has committed, or [was] actively involved in committing the criminal acts of arson in the 1st degree and murder. He is therefore a possible danger to the community."
The pick up order further indicated Steve Thomas's age to be 17. It is obvious from the face of the pick up order that the juvenile judge had before him some form of complaint from law enforcement personnel specifying all of the necessary prerequisites to invoke jurisdiction. To hold that a hearing by an intake officer is a mandatory prerequisite to jurisdiction seems to me to be overly restrictive.
I also believe that the release of Steve Thomas into his mother's custody pursuant to § 12-15-58(a)(2) was for the benefit of Steve and his mother. If Steve had been an adult, he undoubtedly would have had to make bail in order to be released. See Rule 2, A.R.J.A., for the bail bond schedule for the offenses Steve could have been prosecuted for. The parental custody alternative allowed in juvenile cases is a special ameliorative statute, and it should not be used as a device for allowing a parent to refuse to tell where the juvenile is located when directly ordered to do so.
Steve Thomas was properly picked up pursuant to a juvenile court order; he was arrested and placed in his mother's custody, as allowed by the statutes governing juvenile proceedings. I believe that the juvenile court had jurisdiction over Steve Thomas, and, therefore, that that court could properly hold his mother in contempt for failing to comply with its order to tell the court of Steve's whereabouts.